**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

FRANCIS ALFRED K.,

Petitioner,

v.

TODD BLANCHE, *Attorney General*; MARKWAYNE MULLIN, *Secretary of Homeland Security*; DAVID VENTURELLA, *Acting Director of U.S. Immigration & Customs Enforcement*; MARCOS CHARLES, *Executive Associate Director for Enforcement and Removal Operations*; DAVID EASTERWOOD, *Field Office Director for Enforcement and Removal Operations*; U.S. IMMIGRATION & CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY; and JOEL BROTT, *Sheriff of Sherburne County*,

Respondents.

Case No. 26-cv-4278 (LMP/EMB)

**ORDER DISMISSING HABEAS PETITION AS MOOT**

---

Petitioner Francis Alfred K. brought this petition for a writ of habeas corpus on October 4, 2026. ECF No. 1. The Court ordered the Government to respond to the petition no later than October 13, 2026, with any reply due by October 20, 2026. ECF No. 3. On October 7, 2026, the Government informed the Court that Francis[1] had agreed to voluntary departure, ECF No. 5, and on October 13, 2026, the Government informed the Court that

---

[1] The Court uses Petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initial of any nongovernmental parties in immigration cases. No disrespect is intended in doing so.

Francis was no longer in the Government's custody because he had departed to Tanzania, ECF Nos. 8, 9.

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). Courts in this District have generally concluded that when the Government removes a noncitizen from the United States, a habeas petition challenging the noncitizen's detention becomes moot because the Court "can no longer grant effective relief" since the noncitizen "is no longer in custody." *Kaluba N. v. Immigr. & Customs Enf't*, No. 20-cv-1856 (NEB/ECW), 2020 WL 7632148, at *1 (D. Minn. Nov. 12, 2020) (quoting *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc)), *report and recommendation adopted*, 2020 WL 7624841 (D. Minn. Dec. 22, 2020); *see also Morley v. Trump*, No. 25-cv-1580 (KMM/JFD), 2025 WL 1757639, at *2 (D. Minn. June 25, 2025). Because Francis is no longer in the Government's custody, the Court must dismiss his petition as moot. *See Ali*, 419 F.3d at 724 ("If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction.").

**ORDER**

For these reasons, and based on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that Francis Alfred A.'s Petition for Writ of Habeas Corpus

(ECF No. 1) is **DISMISSED** as moot. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 15, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge